IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

MICKEL G. HOBACK,         )
         )
     Plaintiff,         )
         )   No. 1-10-cv-00074
vs.         )
         )
THE CITY OF CHATTANOOGA,         )   JURY DEMAND
         )
     Defendant.         )

## SUGGESTED CHARGES TO THE JURY

Mickel G. Hoback ("Plaintiff"), pursuant to Local Rules 7.4 and 51.1, submits the following

Suggested Charges to the Jury.

LAWRENCE & LAWRENCE, PLLC

By:   s/ Phillip C. Lawrence
       PHILLIP C. LAWRENCE, BPR #985
       Attorneys for Mickel G. Hoback
       P. O. Box 1297
       Chattanooga, Tennessee 37401
       Telephone: (423) 756-5031
       Telecopier: (423) 756-4846

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing reply was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and sent as an electronic mail attachment in Word Perfect format to collier_chambers@tned.uscourts.gov.

Phillip A. Noblett, Esq.
100 East 11th Street, Suite 200
Chattanooga, TN 37402

This 15th day of July, 2011.

                   s/ Phillip C. Lawrence

1

## CONTENTIONS OF THE PARTIES

Plaintiff, MICKEL G. HOBACK, contends that defendant, THE CITY OF CHATTANOOGA, terminated him because of his diagnosis of PTSD and that his termination was a violation of the Americans with Disabilities Act, the Uniform Services Employment and Reemployment Rights Act of 1994 (USERRA), and the Rehabilitation Act of 1973 as amended. Plaintiff seeks damages for back pay, front pay, and lost benefits, including but not limited to retirement and pension benefits, and that he be awarded compensatory damages for humiliation and embarrassment, invasion of privacy, emotional pain and suffering, mental anguish, loss of enjoyment of life, and inconvenience.

Defendant, THE CITY OF CHATTANOOGA, denies that its termination of Plaintiff's employment was a violation of the Americans with Disabilities Act, the Uniform Services Employment and Reemployment Rights Act of 1994 (USERRA), or the Rehabilitation Act of 1973 as amended. THE CITY OF CHATTANOOGA contends that MICKEL G. HOBACK was terminated because THE CITY OF CHATTANOOGA was required to terminate his employment by the Tennessee statute known as Tenn. Code Ann. § 38-8-106, and the Police Officers Standards and Training Commission regulations. THE CITY OF CHATTANOOGA denies that MICKEL G. HOBACK is entitled to recover any damages.

2

## THE AMERICANS WITH DISABILITIES ACT

Plaintiff brings this lawsuit pursuant to three federal statutes. The first statute pursuant to which Plaintiff seeks relief is the Americans With Disabilities Act, or the "ADA." (42 U.S.C. §§ 12101-12213). For purposes of this case, the ADA provides that it is unlawful for an employer to discharge an employee because of the employee's disability.

Case 1:10-cv-00074-CLC-SKL   Document 37   Filed 07/15/11   Page 3 of 26   PageID #: 987

## UNIFORM SERVICES EMPLOYMENT AND

## REEMPLOYMENT RIGHTS ACT OF 1994 (USERRA)

The second statute pursuant to which Plaintiff claims relief is the Uniform Services Employment and Reemployment Rights Act of 1994 (USERRA). For purposes of this case, USERRA prohibits employment discrimination because of past, current, or future military obligations.[1] If an individual's past, present, or future connection with the service is a motivating factor in an employer's adverse employment action against that individual, the employer has committed a violation.[2]

---

[1] 38 U.S.C. § 4311(a).

[2] 38 U.S.C. § 4311(c)(1).

4

## THE REHABILITATION ACT

The third statute pursuant to which Plaintiff claims relief is the Rehabilitation Act. For purposes of this case, the Rehabilitation Act requires that qualified individuals with disabilities shall not be excluded from, denied access to or be subjected to discrimination under any program or activity that receives Federal financial assistance.[3] The standards for determining employment discrimination under the Rehabilitation Act are the same as those used in Title I of the Americans with Disabilities Act.[4]

---

[3] 29 U.S.C. § 794(a).

[4] 29 U.S.C. § 794(d).

5

## ELEMENTS - DISCRIMINATION UNDER THE ADA

For MICKEL G. HOBACK to establish his claim of intentional discrimination by the CITY OF CHATTANOOGA, he has the burden of proving the following essential elements by a preponderance of the evidence:

(1) That MICKEL G. HOBACK is a disabled person within the meaning of the Americans with Disabilities Act;

(2) That MICKEL G. HOBACK is qualified to perform the essential functions of his job with or without reasonable accommodation by the CITY OF CHATTANOOGA; and

(3) That MICKEL G. HOBACK suffered an adverse employment decision because of his disability.[5]

If MICKEL G. HOBACK proves each of these elements by a preponderance of the evidence, then you should return a verdict in his favor. If, however, MICKEL G. HOBACK fails to prove any one of these elements by a preponderance of the evidence, then you should return a verdict in favor of the CITY OF CHATTANOOGA.

---

[5] Cehrs v. Northeast Ohio Alzheimer's Research Center, 155 F.3d 775, 779 (6th Cir. 1998); Brickers v. Cleveland Bd. of Educ., 145 F.3d 846, 849 (6th Cir. 1998); Gantt v. Wilson Sporting Goods Co., 143 F.3d 1042, 1047 (6th Cir. 1998); Gilday v. Mecosta County, 124 F.3d 760, 762 (6th Cir. 1997); McKay v. Toyota Mfg., U.S.A., Inc., 110 F.3d 369, 371 (6th Cir. 1997).

6

### *First Element - Disability*

To satisfy the first element of the claim, MICKEL G. HOBACK must prove by a preponderance of the evidence that he has a "disability" as defined by the Americans With Disabilities Act.

A person with a disability is one who

(1) has a physical or mental impairment that substantially limits one or more of the person's major life activities; or

(2) has a record of such an impairment; or

(3) is regarded by the employer as having such an impairment.[6]

---

[6] 42 U.S.C. § 12102(2).

### *Regarded as Disabled*

In this case, there is a dispute about the issue of whether MICKEL G. HOBACK has a disability. However, MICKEL G. HOBACK contends that when the CITY OF CHATTANOOGA discharged him, the CITY OF CHATTANOOGA regarded him as having a disability.

An individual is considered "disabled" under the ADA if the individual is regarded by the employer as having a disability.[7]

An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.[8]

---

[7] Sullivan v. River Valley Sch. Dist., 197 F.3d 804, 810 (6th Cir. 1999); see also 42 U.S.C. § 12102(2)(A)-(C).

[8] 42 U.S.C. § 12102 (3)(A).

### *Second Element - Qualified to Perform Essential Functions of Job With or Without Reasonable Accommodation*

You must determine whether MICKEL G. HOBACK has proved by a preponderance of the evidence that despite his diagnosis of PTSD, he can perform the essential functions of his job, with or without reasonable accommodation by the CITY OF CHATTANOOGA.

### A. Essential Functions of Job

Essential functions of a job are the fundamental job duties of the job that MICKEL G. HOBACK held.[9] You should give consideration to, but are not bound by, the CITY OF CHATTANOOGA's judgment as to what functions of the job are essential.[10] "Essential functions" do not include the marginal functions of the job.[11] You may, along with all the other evidence in the case, consider the following evidence in determining what are the essential functions of the job:

(1) The CITY OF CHATTANOOGA's judgment as to which functions of the job are essential;

(2) Written job descriptions used by the CITY OF CHATTANOOGA;

(3) The amount of time spent on the job performing the specific function in question;

(4) The consequences of not requiring the employee, MICKEL G. HOBACK, to perform the function;

(5) The work experience of persons who have held the job in the past; and/or

(6) The current work experience of persons in similar jobs.[12]

---

[9] E. Devitt, C. Blackmar, M. Wolff & K. O'Malley, Federal Jury Practice and Instructions, §104A.06 (modified).

[10] E. Devitt, C. Blackmar, M. Wolff & K. O'Malley, Federal Jury Practice and Instructions, §104A.06 (modified).

[11] E. Devitt, C. Blackmar, M. Wolff & K. O'Malley, Federal Jury Practice and Instructions, §104A.06 (modified).

[12] E. Devitt, C. Blackmar, M. Wolff & K. O'Malley, Federal Jury Practice and Instructions, §104A.06 (modified); Brickers v. Cleveland Bd. of Educ., 145 F.3d 846, 849 (6th Cir. 1998); 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(n)(3).

10

### B. Request for Accommodation

If you find that MICKEL G. HOBACK does have a physical or mental impairment that substantially limits one or more of his major life activities, it is MICKEL G. HOBACK's responsibility to inform the CITY OF CHATTANOOGA that an accommodation is needed and to request an accommodation. An employer is not required to make a reasonable accommodation until the employee requests it.[13]  The CITY OF CHATTANOOGA is not required to speculate as to the extent of MICKEL G. HOBACK's disability and his need or desire for an accommodation. Once a qualified individual with a disability requests an accommodation, the employer must make a reasonable effort to determine what is an appropriate accommodation.[14]

However, if you find that MICKEL G. HOBACK does not have a physical or mental impairment that substantially limits one or more of his major life activities, but that the CITY OF CHATTANOOGA  regarded him as disabled, there is no need to consider whether a reasonable accommodation was requested or made.  And, if the CITY OF CHATTANOOGA regarded MICKEL G. HOBACK as disabled, fired him for that reason, and would not reinstate him despite the fact that he did not need an accommodation, the CITY OF CHATTANOOGA is liable for discrimination under the ADA.[15]

---

[13] Gantt v. Wilson Sporting Goods Co., 143 F.3d 1042, 1046 (6th Cir. 1998); 29 C.F.R. Part 1630 App. § 1630.9.

[14] Gantt, 143 F.3d at 1046; 29 C.F.R. Part 1630 App. § 1630.9.

[15] Workman v. Frito-Lay, Inc., 165 F. 3d 460, 467 (6th Cir. 1999).

11

If you find that MICKEL G. HOBACK does have a physical or mental impairment that substantially limits one or more of his major life activities, MICKEL G. HOBACK is required to prove by a preponderance of the evidence that before filing this lawsuit in court, he made a request to the CITY OF CHATTANOOGA for an accommodation. The request for accommodation may be made either before or after the CITY OF CHATTANOOGA discharged MICKEL G. HOBACK from employment. If you find that MICKEL G. HOBACK has not proved that he made a request to the CITY OF CHATTANOOGA for accommodation prior to filing this lawsuit on April 12, 2010, then you will say so in the verdict form, and it will not be necessary for you to consider the issue of reasonable accommodation. On the other hand, if you find that MICKEL G. HOBACK did make a request for accommodation to the CITY OF CHATTANOOGA prior to filing his lawsuit, then you will proceed to consider the issue of reasonable accommodation.[16]

---

[16] Gantt, 143 F.3d at 1046-47 and n.4; Hammon v. DHL Airways, Inc., 165 F.3d 441, 450 (6th Cir. 1999); Lue v. Moore, 43 F.3d 1203, 1206 (8th Cir. 1994); Wood v. President of Spring Hill College, 978 F.2d 1214, 1222 (11th Cir. 1992).

12

### C. Reasonable Accommodation

When an individual has a disability, meaning a physical or mental impairment that substantially limits one or more of his major life activities, his employer must accommodate the limitations resulting from that disability to enable the disabled individual to perform the essential functions of his job but only to the extent that such an accommodation is "reasonable" and it does not impose an "undue hardship" upon the employer. The term "reasonable accommodation" includes job restructuring, part-time or modified work schedules, reassignment to another vacant position of employment, acquisition or modification of work equipment or devices, and modifications of examinations, training materials or policies.[17]

---

[17] U.S.C. § 12111(9)(B).

The CITY OF CHATTANOOGA is not required to reallocate job duties and change or reduce the essential functions of the job in order to accommodate MICKEL G. HOBACK. Furthermore, the CITY OF CHATTANOOGA is not required to accommodate MICKEL G. HOBACK by making other employees do his work. The Americans With Disabilities Act does not require the CITY OF CHATTANOOGA to promote MICKEL G. HOBACK, reassign him to an occupied position, or create a new job position as an accommodation.[18]

---

[18] Milton v. Scrivner, 53 F.3d 1118, 1124-25 (10th Cir. 1995); White v. York Int'l Corp., 45 F.3d357, 360-61 (10th Cir. 1995); Bernard v. ADM Milling Co., Inc., 987 F. Supp. 1337, 1343 (D. Kan. 1997); Dey v. Milwaukee Forge, 957 F. Supp. 1043, 1052 (E. D. Wis. 1996).

Case 1:10-cv-00074-CLC-SKL   Document 37   Filed 07/15/11   Page 14 of 26   PageID #: 998

If you find that MICKEL G. HOBACK does have a physical or mental impairment that substantially limits one or more of his major life activities, MICKEL G. HOBACK has the initial burden of proving by a preponderance of the evidence that a reasonable accommodation is possible. MICKEL G. HOBACK must present evidence which suggests the existence of a plausible accommodation, the costs of which do not clearly exceed its benefits.[19] MICKEL G. HOBACK must propose an accommodation and show that it is objectively reasonable.[20] An accommodation cannot be merely hypothetical. MICKEL G. HOBACK is required to show the existence of a specific accommodation which could actually enable him to perform the essential functions of the job.[21] If you find that MICKEL G. HOBACK has not met his burden of proving that a reasonable accommodation is possible, then you should find in favor of the CITY OF CHATTANOOGA on the second element of the ADA claim. However, if you find that MICKEL G. HOBACK has proved that a reasonable accommodation is possible, then the burden of proof shifts to the CITY OF CHATTANOOGA. The CITY OF CHATTANOOGA must prove by a preponderance of the evidence that MICKEL G. HOBACK's proposed accommodation is not reasonable and it places an "undue hardship" upon the CITY OF CHATTANOOGA.[22] The term "undue hardship" means an action requiring significant difficulty and expense when considered in light of the following factors.

---

[19] Cehrs v. Northeast Ohio Alzheimers Research Center, 155 F.3d 775, 781 (6th Cir. 1998).

[20] Monette v. Electronic Data Sys. Corp., 90 F.3d 1173, 1183 (6th Cir. 1996).

[21] Barnett v. U.S. Air, Inc., 157 F.3d 744, 749 (9th Cir. 1997).

[22] Cehrs, 155 F.3d at 781.

In determining whether an accommodation proposed by MICKEL G. HOBACK would be unreasonable and impose an undue hardship on the CITY OF CHATTANOOGA, you should consider these five factors:

(a) the nature and cost of the accommodation needed;

(b) the overall financial resources of the programs or facilities involved in the provision of the reasonable accommodation; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such accommodation upon the operation of the facility;

(c) the overall financial resources of the CITY OF CHATTANOOGA's police department; the overall size of the business of the police department program with respect to the number of its employees; the number, type, and location of its facilities;

(d) the type of operation or operations of the CITY OF CHATTANOOGA's police department, including the composition, structure, and functions of the workforce, the geographic separateness, administrative, or fiscal relationship of the facility or facilities in question to the CITY OF CHATTANOOGA's police department; and

(e) the impact of the accommodation upon the operation of the CITY OF CHATTANOOGA's police department facility, including the impact on the ability of other employees to perform their duties and the impact on the facility's ability to conduct business.[23]

---

[23] 42 U.S.C. § 12111(10); Cehrs, 155 F.3d at 781; 28 C.F.R. § 1630.2(p)(2).

16

To prove undue hardship, the CITY OF CHATTANOOGA has to prove both that the hardship caused by MICKEL G. HOBACK's proposed accommodation would be undue in light of the previous five factors and that MICKEL G. HOBACK's proposed accommodation is unreasonable and need not be made.[24]  Keep in mind that the CITY OF CHATTANOOGA does not need to prove that MICKEL G. HOBACK is unqualified to perform the essential functions of the job.  Throughout this entire case, MICKEL G. HOBACK always bears the burden of proving by a preponderance of the evidence that he is qualified to perform the essential functions of the job, either with or without a reasonable accommodation.[25]

---

[24] Cehrs, 155 F.3d at 782.

[25] Cehrs, 155 F.3d at 782.

17

The CITY OF CHATTANOOGA may require as a qualification for employment that MICKEL G. HOBACK not pose a "direct threat to the health or safety of other individuals in the workplace." "Direct threat" is defined as a "significant risk to the health or safety of others that cannot be eliminated by reasonable accommodation." If MICKEL G. HOBACK is a direct threat to his own safety or to the safety of others, he can remain employed if a reasonable accommodation can be made to eliminate that direct threat. The determination whether MICKEL G. HOBACK poses a "direct threat" is based on an individual assessment of his present ability to safely perform the essential functions of the job. This assessment is based on a reasonable medical judgment that relies on the most current medical knowledge and/or on the best available objective evidence. In determining whether MICKEL G. HOBACK would pose a direct threat, the factors to be considered include:

(1) The duration of the risk;

(2) The nature and severity of the potential harm;

(3) The likelihood that the potential harm will occur; and

(4) The imminence of the potential harm.[26]

If you find that MICKEL G. HOBACK does have a physical or mental impairment that substantially limits one or more of his major life activities, and that MICKEL G. HOBACK'S disability poses a direct threat to the health or safety of others in the workplace and that such direct threat cannot be eliminated by reasonable accommodation, you should find in favor of the CITY OF CHATTANOOGA on the second element.

---

[26] E.E.O.C. v. Prevo's Family Market, Inc., 135 F.3d 1089, 1095 (6th Cir. 1998); 42 U.S.C. § 12113(b); 42 U.S.C. §12111(3); 29 C.F.R. 1630.15(b)(2) (1996); and 29 C.F.R. 1630.2(r) (1996).

### *Third Element - Causation*

MICKEL G. HOBACK must also prove by a preponderance of the evidence that he was discriminated against solely because of the disability when he was discharged from his employment with the CITY OF CHATTANOOGA and later not rehired by the CITY OF CHATTANOOGA.[27]

---

[27] Monette v. Electronic Data Sys. Corp., 90 F.3d 1173, 1178 (6th Cir. 1996); Maddox v. University of Tennessee, 62 F.3d 843, 846 (6th Cir. 1995).

19

## DAMAGES

I will now take the next few moments to instruct you on the rules for assessing the amount of damages, if any, that should be awarded. Of course, you will not reach the question of damages unless you find that the CITY OF CHATTANOOGA discriminated against MICKEL G. HOBACK in violation of the Americans with Disabilities Act, the Rehabilitation Act, or USERRA.

Please keep in mind all the instructions I gave to you during the liability aspect of this case. You should remember, though, that the plaintiff not only has the responsibility to show by a preponderance of the evidence that the CITY OF CHATTANOOGA is liable, but the plaintiff must also show by that same burden the extent of each claim for damages. To the extent that the plaintiff fails to establish a claim to any element of damage by a preponderance of the evidence, that element of damage must not be included in any award of damage to the plaintiff. You must award the plaintiff damages in an amount that will reasonably compensate him for each of the following elements of claimed damage, provided you find it was suffered by the plaintiff and caused by the discrimination upon which you find liability.

***Back-Pay***

The amount of damages may include back salary MICKEL G. HOBACK would have received to the date of this trial, but for the illegal discrimination. From this amount you should subtract the amount of earnings received from the defendant or from any other source.

In awarding damages you should bear in mind that the plaintiff had a duty to do all that reasonably could be done to reduce or mitigate damages. In other words, the plaintiff had a duty to make reasonable efforts to secure and accept other employment to replace in whole or in part any losses sustained by reason of any unlawful action by the defendant. To the extent that the plaintiff has failed to make such reasonable efforts or failed to secure or accept other employment, then you should reduce any award of back pay accordingly. However, before you reduce any back pay award in this respect, you are instructed that the defendant has the burden of showing by a preponderance of the evidence that the plaintiff has failed to mitigate his damages.[28] To satisfy this burden, the employer must prove both of the following:

<u>First</u>, that positions were available to the plaintiff which were comparable in terms of compensation, promotions opportunity, status, and duties; and

<u>Second</u>, that the plaintiff failed to use reasonable care and diligence in seeking such a position.[29]

Each of these factors must be considered separately.

---

[28] Rasimas v. Michigan Dept. of Mental Health, 714 F.2d 614, 624 (6th Cir.), cert. denied, 104 S.Ct. 2151 (1983); Jackson v. Shell Oil Co., 702 F.2d 197, 201-202 (9th Cir. 1983).

[29] Woolridge v. Marlene Indus., 875 F.2d 540 (6th Cir. 1989); Ford v. Nicks, 866 F.2d 865, 873 (6th Cir. 1989); Rasimas v. Michigan Dept. of Mental Health, 714 F.2d 614, 623-24 (6th Cir. 1983).

21

A plaintiff is not to be held to the highest standards of diligence in the duty to mitigate damages; a plaintiff is only required to use reasonable diligence. A plaintiff need not succeed in mitigation, but only must make a good faith effort.[30]

---

[30] Wooldridge v. Marlene Industries Corp., 875 F. 2d 540 (6th Cir. 1989); National Labor Relations Board, Petitioner, v. Baddour, Incorporated, 992 F.2d 1216 (6th Cir. 1993).

22

*Front Pay*

Damages may also include loss of future earnings, also called front pay.[31] These damages would be measured by the compensation in the form of salary which MICKEL G. HOBACK could reasonably be expected to receive, if he had not been the victim of illegal discrimination, for as long as he would reasonably be expected to be employed by the CITY OF CHATTANOOGA. In deciding whether MICKEL G. HOBACK is entitled to front pay and in calculating an amount of front pay, you should take into consideration the nature and degree of severity of his disability. You may consider whether he has a permanent or long-term disability, and whether he has proven that he is suffering from PTSD. You may also consider the effect of any other disabilities that he may have. You should also bear in mind and follow the previous instructions regarding his duty to mitigate damages by making reasonable efforts to secure and accept other employment.[32] In calculating any award of front pay or loss of future earnings, it can reasonably be expected that his future earnings would have increased at approximately the pace of interest rates or of inflation. An economically accurate measure of his lost future income would include his expected salary over a number of years including expected pay raises with each years's sum discounted to present cash value through the use of the appropriate discount rate. However, you may also obtain a reasonable approximation of this figure by multiplying the amount of his present expected salary by a set number of years, neither including future pay raises nor applying a discount rate.[33]

_____

[31] Wells v. New Cherokee Corp., 58 F.3d 233, 238 (6th Cir. 1995); Roush v. KFC Nat'l Management Co., 10 F.3d 392, 398-99 (6th Cir. 1993); Jackson v. City of Cookeville, 31 F.3d 1354, 1360-61 (6th Cir. 1994).

[32] Diggs v. Pepsi-Cola, 861 F.2d 914, 922-23 (6th Cir. 1988); Davis v. Combustion Engineering, 742 F.2d 916 (6th Cir. 1984).

[33] Jackson v. City of Cookeville, 31 F.3d 1354, 1360-61 (6th Cir. 1994).

## *Present Cash Value*

I have used the expression, "present cash value," in these instructions concerning the damages that may be awarded to MICKEL G. HOBACK to compensate him for front pay or future loss of earnings. In determining the damages arising in the future, you ordinarily do not multiply a dollar amount by the length of time you think the damages will continue or by the number of years MICKEL G. HOBACK is likely to work. Instead, you must determine the present cash value of those damages; that is, you must reduce the award of those damages to allow for the reasonable earning power of money.

"Present cash value" means the sum of money needed now, which, when added to what that sum may reasonably be expected to earn in the future when invested, will equal the amount of the damages or expenses at the time in the future when the damages from the injury will be suffered, or the expenses must be paid, or the earnings would have been received. Thus, the sum of money needed now, will be less than the amount found to be the future damages.[34]

---

[34] T.P.l. - Civil 14.54 - Meaning of Present Cash Value (modified).

*Emotional Distress*

MICKEL G. HOBACK has alleged that, as a result of the CITY OF CHATTANOOGA's intentional discrimination, he has suffered emotional pain, mental anguish, humiliation, and embarrassment. The plaintiff has the burden of proving any compensatory damages by a preponderance of the evidence. If the plaintiff does not establish that he has experienced emotional pain, mental anguish, humiliation, and embarrassment because of the defendant's conduct, then he cannot recover compensatory damages.

If you determine that the plaintiff has proven by a preponderance of the evidence that he has experienced emotional pain, mental anguish, humiliation, and embarrassment, you may award him damages for those injuries. No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these elements of damages. The damages that you award must be fair compensation -- no more and no less.

When considering the amount of monetary damages to which MICKEL G. HOBACK may be entitled, you should consider the nature, character, and seriousness of any emotional pain and suffering, mental anguish, humiliation, and embarrassment that the plaintiff felt. You must also consider its extent or duration, as any award you make must cover the damages endured by the plaintiff since the wrongdoing, to the present time, and even into the future if you find as fact that the proof presented justifies the conclusion that the plaintiff's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.[35]

---

[35] American Bar Association, MODEL JURY INSTRUCTIONS, EMPLOYMENT LITIGATION § 1.07(3).

**Damages Must Be Reasonable**

You are instructed that you may award to the plaintiff only such damages as will fairly and reasonably compensate him for the damages which you find, from a preponderance of all the evidence in the case, he has sustained as a proximate result of the actions of the defendant in accordance with these instructions. The jury is not permitted to award speculative damages. Compensatory damages can be awarded only to the extent that the various elements of damages have been proven by the evidence in the case and the jury should not speculate upon damages as to which there has been no proof.[36]

---

[36] T.P.I. -Civil 14.20 (in part).