UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MICKEL G. HOBACK, :
:
Plaintiff, : CASE NO. 1:10-CV-74
:
vs. : JUDGE COLLIER/LEE
:
CITY OF CHATTANOOGA, : JURY DEMAND
:
Defendant. :

## FINAL PRETRIAL ORDER

This matter came before the Court on August 5, 2011, for the Final Pretrial Conference, pursuant to Rule 16 of the *Federal Rules of Civil Procedure*, with Phillip C. Lawrence, Esq. having appeared as counsel for the Plaintiff; Phillip A. Noblett and Crystal R. Freiberg, having appeared for the Defendant, City of Chattanooga, at which time the following action was taken:

1. **Jurisdiction:** Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1331 and §1343. Plaintiff also invokes supplemental jurisdiction of this Court over pendent state law claims pursuant to 28 U.S.C. § 1367.

2. **General Nature of the Claims of the Parties:**

   Plaintiff claims relief pursuant to

   (a) Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), for discrimination by Defendant who, having regarded Plaintiff as disabled as defined in 42 U.S.C. § 12102(2)(C), terminated Plaintiff's employment with Defendant; and

   (b) the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq. ("Rehabilitation Act"), to remedy discrimination as described above by Defendant who receives federal financial assistance.

Defendant denies any violations of the aforementioned statutes.

(a) **Undisputed (Stipulated) Facts**.

1. Plaintiff was formerly employed by Defendant.

2. Defendant is a municipality organized and existing under the laws of the State of Tennessee.

3. Defendant is an employer upon whom duties, obligations and liabilities are imposed by the ADA and the Rehabilitation Act.

4. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on August 3, 2009, asserting that Defendant regarded him as being disabled.

5. Plaintiff received a Notice of Right to Sue from the EEOC on January 20, 2010 and Plaintiff filed this cause of action on April 12, 2010.

6. Plaintiff filed this cause of action within one (1) year of his termination from the Police Department on July 21, 2009, and within ninety (90) days of his receipt of the Notice of Right to Sue from the EEOC.

7. The Chattanooga Police Department is a department of Defendant.

8. Plaintiff was hired by Defendant on July 21, 2000.

9. From June of 2004 to December of 2005, Plaintiff served the United States armed forces in Iraq.

10. Plaintiff returned to duty as a police officer for Defendant after military service in February of 2006.

11. Plaintiff was promoted from Patrol Officer I, which is the starting rank of police officers after attending the Police Academy, to Patrol Officer II in February of

2009.

12. On April 13, 2009, Plaintiff was ordered to be involuntarily committed by a psychiatric doctor, Estella Acosta, M.D. at the Chattanooga Veteran's Center.

13. On April 13, 2009, Plaintiff left the Veteran's Center and drove to Murfreesboro, Tennessee to voluntarily check into a mental health center after discovering that he was going to be ordered to be involuntarily committed.

14. On April 14, 2009, Police Chief Freeman Cooper became aware that Plaintiff had been subject to involuntary committal after a psychiatrist reported him to be a risk of danger to himself or others. *(handwritten: PAN)*

15. Chief Cooper was informed on April 14, 2009 that Bradley County Sheriff's Department was attempting to serve committal papers on Mickel Hoback.

16. On April 15, 2009, Chief Cooper requested a Fitness for Duty Evaluation of Plaintiff and arrangements were made for Donald Brookshire, a licensed psychologist, to evaluate the Plaintiff and determine his fitness for duty.

17. Donald Brookshire completed a report which was transmitted to Defendant.

18. The report from Brookshire found Plaintiff was not psychologically fit for duty as a police officer.

19. Plaintiff was later sent to Terrell McDaniel, a licensed psychologist, after the Plaintiff requested a second Fitness for Duty Evaluation.

20. On July 21, 2009, Defendant terminated Plaintiff's employment.

(b) **Plaintiff's Theories**.

(i) Violation of the Americans with Disabilities Act

Plaintiff suffers from PTSD, however, Plaintiff was never disabled from performing any of the essential functions of his job as employed by Defendant. Plaintiff is a "qualified individual," meaning that, with or without a reasonable accommodation, he could perform the essential functions of his job. Plaintiff continued throughout his employment to meet the requirements of his position and job, and he performed and continues to be able to perform the essential functions of a police officer without accommodation in a manner fully satisfactory to Defendant.

Although Plaintiff is not disabled from performing the essential functions of his job, Defendant regarded Plaintiff as disabled. Pursuant to the ADA Amendments Act of 2008, an employee is "regarded as" disabled–and thus entitled to protection from discrimination–if the employer believes the employee has any physical or mental impairment, regardless of whether the employer believes the impairment limits a major life activity at all.

Because Defendant regarded Plaintiff as having a mental impairment, and terminated Plaintiff because of it, Defendant discriminated against Plaintiff in violation of the provisions of the ADA. Plaintiff's alleged disability, PTSD, was the sole reason Defendant terminated Plaintiff from his employment.

Because Plaintiff's PTSD is a mental disorder as described in the Diagnostic and Statistical Manual of Mental Disorders, Third Edition (DSM III) of the American Psychiatric Association, Defendant impermissibly seeks support for its employment decision from Tenn. Code Ann. § 38-8-106, which provides in part that:

> Any person employed as a full-time police officer, and any person employed or utilized as a part-time, temporary, reserve or auxiliary police officer or as a special deputy, shall:
> . . .
> (9) Be free of all apparent mental disorders as described in the Diagnostic and Statistical Manual of Mental Disorders, Third Edition (DSM-III) of the

> American Psychiatric Association. An applicant must be certified as meeting these criteria by a qualified professional in the psychiatric or psychological field.

Tenn. Code Ann. § 38-8-106. However, Defendant is not permitted to rely upon this statute to justify the termination of Plaintiff's employment. This statute has been abrogated by the State of Tennessee which also agreed that enforcement of the statute would violate the ADA as stated in the "Consent Order and Final Judgment" filed in the case of <u>United States of America v. State of Tennessee</u>, Civil Action No. 1:98-1357, in the U. S. District Court for the Western District, Eastern Division at Jackson, April 15, 2003. Plaintiff also contends that Tenn. Code Ann. § 38-8-106 has been preempted by the ADA.

Defendant also impermissibly relies upon the Tennessee Peace Officer Standards and Training Commission ("POST Commission") standards for qualification of police officers which also violates the ADA. Additionally, Plaintiff met the criterion in the POST Commission regulation by having had a Tennessee Licensed Health Care Provider qualified in the psychiatric or psychological fields certify that, in spite of Plaintiff's PTSD, Plaintiff was fit for duty.

(ii) Violation of the Rehabilitation Act of 1973

The Rehabilitation Act, Title V, Section 504, requires that qualified individuals with disabilities shall not be excluded from, denied access to or be subjected to discrimination under any program or activity that receives Federal financial assistance. The standards for determining employment discrimination under the Rehabilitation Act are the same as those used in Title I of the Americans with Disabilities Act.

Defendant is a recipient of Federal financial assistance, a fact that Defendant admits in its Responses to Requests for Admissions Propounded by Plaintiff. Defendant terminated Plaintiff's employment solely by reason of his diagnosis of PTSD. Therefore, the actions of

Defendant in terminating the Plaintiff's employment under the facts of this case violate the provisions of the Rehabilitation Act.

(c) Defendant's Theories.

On or about April 14, 2009, the Chattanooga Police Department became aware that Bradley County was attempting to serve emergency committal papers on Mickel Hoback. On April 13, 2009, a Certificate of Need for Involuntary Commitment was signed for Mickel Hoback finding he was a danger to himself or others. Mickel Hoback was eventually admitted to the Veteran's Administration Hospital and kept overnight in the hospital and released the following day.

Based upon the April 14, 2009 incident that was reported to the Chattanooga Police Department, Former Chattanooga Police Chief Freeman Cooper placed Mickel Hoback on administrative leave and required him to complete a fitness for duty psychological exam before he would be allowed to return to duty. Dr. Donald Brookshire, Psy.D, performed a psychological evaluation of the Plaintiff and issued a report finding that Mickel Hoback "is not psychologically fit to safely perform the duties as a police officer."

Mickel Hoback was informed of the result of the fitness for duty and told that he needed to apply for another position with the City or file for FMLA benefits before his personal leave expired. On July 21, 2009, when Mickel Hoback had exhausted all of his personal leave time and had refused to apply for any other positions in the City or for FMLA, he was terminated by former Police Chief Freeman Cooper. The City will establish that the Plaintiff was not a "qualified" individual with a disability who, with or without reasonable accommodation, can perform the essential functions of [the] employment position. " 42 U.S.C. § 12111(8). Even though Plaintiff asserts that he was not disabled, Defendant provided reasonable

accommodations to Plaintiff to continue working in other City departments since he could not perform the essential functions of his duties as a police officer. Defendant will show that Plaintiff cannot make a prima facie case under the ADA because he has been found to be unfit for duty and thus not qualified to perform the essential functions of his job as a police officer. See, *Reed v. Metropolitan Government of Nashville,* No. 07-5557, 2008 WL 2604251 at *3 (6th Cir. June 26, 2008).

The standards for proving a claim under the Rehabilitation Act are essentially the same as under the ADA and City will establish that Plaintiff was not otherwise qualified to fulfill his duties as a police officer when Chief Cooper made his decision to end Plaintiff's employment.

3. **Contested Issues of Law:** The contested issues of law are as follows:

The Parties are not aware of any outstanding issues of law before the Court to be resolved before trial other than the Cross Motions for Summary Judgment which were resolved by Court Order dated August 4, 2011. Court File No. 46.

4. **Exhibits:**

**Plaintiff's Exhibits:**

1. Transcript of the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009, Volumes I through IV, 482 pages (Plaintiff Expects to Offer);

2. Mickel G. Hoback's Annual Performance Rating Worksheet for Officers Primarily Assigned to Patrol, April 1, 2008 to March 31, 2009 (Defense Exhibit 1 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff Expects to Offer);

3. Report of Employee Efficiency Ratings of Mickel G. Hoback from September 2001 to March 2009 (Defense Exhibit 2 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff Expects to Offer);

4. Awards and Letters of Commendation (Defense Exhibit 3 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff Expects to Offer);

5. E-mails from Superiors Commending Mickel G. Hoback's Performance (Defense Exhibit 4 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff Expects to Offer);

6. Psychological Test taken for Chattanooga Police Department, Hostage Negotiating Team, September 15, 2008 (Defense Exhibit 5 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff May Offer If Needed);

7. Rules of the Tennessee Peace Officer Standards and Training (POST) Commission (Plaintiff May Offer if Needed);

8. Fax to Donald L. Brookshire, Psy.D., from Michael P. Bearden, LMSW (Defense Exhibit 7 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff May Offer If Needed);

9. Mickel G. Hoback's Medical Treatment Notes/Record (Defense Exhibit 8 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff May Offer If Needed);

10. Letter from Michael Bearden dated May 26, 2009 re: Mickel G. Hoback (Defense Exhibit 9 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff Expects to Offer);

11. Records from the Department of Veterans Affairs, Tennessee Valley Healthcare System re: Mickel G. Hoback (Defense Exhibit 10 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff May Offer If Needed);

12. Report of Terrell M. McDaniel, Ph.D., Institute for Forensic Psychology, July 2, 2009 (Defense Exhibit 11, and Administration Exhibit 4, at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff Expects to Offer);

13. Correspondence dated July 10, 2009 to Michael Bearden from Terrell M. McDaniel, Ph.D. (Defense Exhibit 12 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff May Offer If Needed);

14. Report of James S. Walker, Ph.D., Director of Vanderbilt Forensic Services, re: Mickel G. Hoback, August 18, 2009 (Defense Exhibit 13 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff Expects to Offer);

15. Decisions of the Department of Veterans Affairs re: Mickel G. Hoback, August 25, 2008 and August 20, 2009(Defense Exhibits 14 and 15 at the Personnel Hearing re: Officer

Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff Expects to Offer);

16. Internal Affairs Division Officer Resume of Mickel G. Hoback (Defense Exhibit 16 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff May Offer If Needed);

17. Curriculum Vitae of Donald L. Brookshire, Psy.D. (Defense Exhibit 17 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff May Offer If Needed);

18. Letter from W. Gerald Tidwell, Jr., to Crystal Freiberg dated August 28, 2009 (Defense Exhibit 18 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff May Offer If Needed);

19. Resume of Michael Patrick Bearden, LMSW (Defense Exhibit 19 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff May Offer If Needed);

20. Letter of Termination of Mickel G. Hoback's Employment from Freeman Cooper dated July 21, 2009 (Administration Exhibit 1 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff Expects to Offer);

21. Psychological Fitness for Duty Evaluation Summary by Donald L. Brookshire, Psy.D. (Administration Exhibit 2 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff Expects to Offer);

22. Test data from Psychological Fitness for Duty Evaluation performed by Donald L. Brookshire, Psy.D., (Administration Exhibit 3 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff May Offer If Needed);

23. Test data and Questionnaires used for Psychological Fitness for Duty Evaluation (Administration Exhibit 5 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff May Offer If Needed);

24. Letter from Freeman Cooper dated April 14, 2009 to Officer Mickel G. Hoback re: Relief from Duty (Administration Exhibit 6 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff Expects to Offer);

25. Letter from Freeman Cooper dated April 15, 2009 to Donna Kelly requesting "Fit for Duty psychological exam" of Mickel G. Hoback (Administration Exhibit 7 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff Expects to Offer);

26. Letter from Captain Mike Mathis dated April 16, 2009 to Donna Kelley re:

appointment with Dr. Donald Brookshire (Administration Exhibit 8 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff May Offer if Needed);

27. Letter from Mark Murphy, LCSW to Mickel G. Hoback dated April 15, 2009 (Administration Exhibit 9 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff Expects May Offer If Needed);

28. Certificate of Need for Involuntary Commitment dated April 13, 2009 (Administration Exhibit 10 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff May Offer If Needed);

29. Handwritten request from Mickel Hoback for second psychological exam dated May 26, 2009 (Administration Exhibit 12 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff May Offer if Needed);

30. Letter from Donna Kelley to Mickel G. Hoback dated June 4, 2009 re: appontment with Dr. Terrell McDaniel (Administration Exhibit 13 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff May Offer if Needed);

31. Tenn. Code Ann. § 38-8-106 (Plaintiff May Offer if Needed);

32. Consent Order and Final Judgment in the matter of the United States of America vs. the State of Tennessee, filed on April 15, 2003, in the United States District Court for the Western District of Tennessee, Civil Action No. 1:98-1357, Judge James D. Todd (Plaintiff Expects to Offer);

33. Records from the United States Department of Veterans Affairs, Chattanooga Vet Center, regarding Mickel G. Hoback (Administration Exhibit 16 at the Personnel Hearing re: Officer Mickel G. Hoback, Before the Chattanooga City Council, November 9, 2009) (Plaintiff May Offer if Needed);

34. Charter of the City of Chattanooga (Plaintiff May Offer if Needed);

35. All wage and salary records of Mickel G. Hoback's employment with the City of Chattanooga (Plaintiff May Offer if Needed);

36. Recordings on Compact Discs of Meetings on June 10, 2009 and July 21, 2009, with Freeman Cooper and Mickel G. Hoback (Plaintiff May Offer if Needed);

37. Defendant's Responses to Requests for Admissions dated July 6, 2010 (Plaintiff Expects to Offer);

38. "Right To Sue" Letter from the U.S. Department of Justice to Mickel G. Hoback

dated January 20, 2010 (Plaintiff May Offer if Needed);

39. Documents obtained from the Municipal Technical Advisory Service ("MTAS") related to the notification and education of Tennessee cities and municipalities of the existence and impact of the Consent Order and Final Judgment in the matter of the United States of America vs. the State of Tennessee, Civil Action No. 1:98-1357, including but not limited to e-mail and written notifications, workshop and conference participation lists, and the Hot Topics for Tennessee Cities and Towns published by MTAS (Plaintiff May Offer if Needed);

40. Policy Manual of the Chattanooga Police Department (Plaintiff May Offer if Needed);

41. All Exhibits Listed by Defendant; and

42. All Exhibits Necessary for Rebuttal.

**Defendant's Exhibits:**

1. Termination Letter dated July 21, 2009 for Mickel Hoback;

2. Psychological Fitness for Duty Evaluation from Dr. Donald L. Brookshire;

3. Test data from Dr. Brookshire regarding Mickel Hoback;

4. Psychological Fitness for Duty Evaluation from Dr. Terrell M. McDaniel, Ph.D.;

5. Test data from Dr. McDaniel regarding Mickel Hoback;

6. Letter dated April 14, 2009 from Chief Cooper to Mickel Hoback relieving him of duty;

7. Letter dated April 15, 2009 to Donna Kelley from Chief Cooper regarding Mickel Hoback;

8. Letter dated April 16, 2009 from Captain Mathis to Donna Kelley;

9. Letter to Mickel Hoback dated April 15, 2009 from Mark Murphy;

10. Certificate of Need for Involuntary Commitment for Mickel Hoback dated April 13, 2009;

11. Authorization signed by Mickel Hoback;

12. Handwritten request from Mickel Hoback for second psychological exam dated May 26, 2009;

13. Letter dated June 4, 2009 from Donna Kelley to Mickel Hoback;

14. Applicable City of Chattanooga Charter and City Code Sections;

15. Tenn. Code Ann. § 38-8-106;

16. Rules of Tennessee Peace Officer Standards and Training Commission, Chapter 1110-2 Certification;

17. Records from U.S. Department of Veterans Affairs regarding Mickel Hoback;

18. Notes of Counselor Bearden from U.S. Department of Veterans Affairs regarding Mickel G. Hoback;

19. Transcript of City Council Hearing held on November 9, 2009;

20. Personnel file of Mickel G. Hoback with the City of Chattanooga;

21. All documents introduced as exhibits at the proceedings on November 9, 2009 before the panel of the Chattanooga City Council;

22. Recording of Administrative Hearing regarding Mickel G. Hoback on June 10, 2009;

23. Recording of Administrative Hearing regarding Mickel G. Hoback on June 30, 2009;

24. Recording of Administrative Hearing regarding Mickel G. Hoback on July 21, 2009;

25. Emails of communications regarding Mickel G. Hoback from April 13, 2009 through his termination on July 21, 2009;

26. Email from Zachary McCullough dated April 14, 2009 regarding Mickel G. Hoback;

27. Any necessary rebuttal exhibits; and

28. Any exhibits listed by any other party.

5. **Witnesses:** The parties reasonably expect to call as witnesses:

(a) **Plaintiff's witnesses:**

### WILL CALL:

Mickel G. Hoback
110 Hummingbird Drive, NW
Cleveland, Tennessee 37312-8222

James S. Walker, Ph.D., ABPP-CN/FP
1601 23rd Avenue South, Suite 3050
Nashville, Tennessee 37212-3182
615-327-7130

Terrell M. McDaniel, Ph.D.
131 Sanders Ferry Road, Suite 203
Hendersonville, Tennessee 37075
615-822-6878

Donald L. Brookshire, Psy.D.
325 Market Street, Suite 305-B
Chattanooga, Tennessee 37402

Michael P. Bearden, LMSW
951 Eastgate Loop Road
Building 5700, Suite 300
Chattanooga, Tennessee 37419

Robert A. Bohm, Ph. D.
8348 Corteland Drive
Knoxville, Tennessee 37909
865-974-1687

Mark M. Murphy, LCSW
Clinical Social Worker, 7A-B
Tennessee Valley Healthcare System
Department of Veterans Affairs
3400 Lebanon Pike
Murfreesboro, TN 37219
615-225-5376

Dr. Nancy Yoanidis
Tennessee Valley Healthcare System
Department of Veterans Affairs
3400 Lebanon Pike
Murfreesboro, TN 37219
615-225-5376

Sergeant David Frye
c/o City of Chattanooga
Chattanooga Police Department
3410 Amnicola Hwy.
Chattanooga, Tennessee 37406

Captain Susan Blaine
c/o City of Chattanooga
Chattanooga Police Department
3410 Amnicola Hwy.
Chattanooga, Tennessee 37406

Officer Michael Favors
c/o City of Chattanooga
Chattanooga Police Department
3410 Amnicola Hwy.
Chattanooga, Tennessee 37406
Officer Adam Cavitt
c/o City of Chattanooga
Chattanooga Police Department
3410 Amnicola Hwy.
Chattanooga, Tennessee 37406

Officer Tetzel Tillery
c/o City of Chattanooga
Chattanooga Police Department
3410 Amnicola Hwy.
Chattanooga, Tennessee 37406

Lee Tripp
4921 15th Avenue
Chattanooga, Tennessee 37407-3425

William V. Hoback
110 Hummingbird Drive, NW
Cleveland, Tennessee 37312-8222

Carolyn Hoback
110 Hummingbird Drive, NW
Cleveland, Tennessee 37312-8222

City of Chattanooga Records Custodian
City Hall
Chattanooga, Tennessee

## MAY CALL:

Freeman E. Cooper, Jr.
5355 Fairview Road
Hixson, Tennessee 37343-4623

Brian Grisham, Esq.
6222 Vosswood Drive
Nashville, Tennessee 37205-3116

Lt. Eric Redden
c/o Graysville Police Department
151 Mill Street
Graysville, Tennessee 37338
423-775-0173

Chief Thomas Mahoney
c/o Graysville Police Department
151 Mill Street
Graysville, Tennessee 37338
423-775-0173

Det. Patrick Wells
c/o Graysville Police Department
151 Mill Street
Graysville, Tennessee 37338
423-775-0173

Brad Parker
to be provided
Cleveland, Tennessee

Rex Barton
105 Student Services Bldg.
Knoxville, Tennessee 37996-0213
865-974-9837

William J. Marrett, Jr.
Office of the Attorney General
P. O. Box 20207
Nashville, Tennessee 37202-0207
615-741-7087

Sid Hemsley
Municipal Technical Advisory Service
105 Student Services Bldg.

Knoxville, Tennessee 37996-0213
865-974-9838

Susan Robertson
U. T. Institute for Public Service
105 Student Services Bldg.
Knoxville, Tennessee 37996-0213
865-974-8518

Any or all of the witnesses listed by the defendant.

Witnesses whose names are not now known who would rebut or impeach the testimony of witnesses called by the defendant.

    **(b)**    **Defendant's witnesses:**

**WILL CALL:**

1. Former Police Chief Freeman Cooper, c/o City Attorney's Office, 100 E. 11th Street, Suite 200, Chattanooga, TN 37402;

2. Donna Kelley, Administrator, City of Chattanooga Personnel Department, 101 E. 11th Street, Chattanooga, TN 37402, (423) 757-5202;

3. Donald L. Brookshire, Ph.D., Chattanooga Lifestyle Center, 325 Market Street, Suite 305-B, Chattanooga, TN 37402;

4. Former Internal Affairs Captain Mike Mathis, c/o City Attorney, 100 E. 11th Street, Suite 200, Chattanooga, TN 37402;

5. Dr. Estella P. Acosta, M.D., Veteran's Administration, VAOPC, 951 Eastgate Loop Road, Chattanooga, TN 37411;

6. Michael Bearden, LMSW, Chattanooga Veteran's Administration, 951 Eastgate Loop Road, Chattanooga, TN 37411;

**MAY CALL:**

7. Current Police Chief Bobby Dodd, Chattanooga Police Department, 3300 Amnicola Highway, Chattanooga, TN 37406, (423) 698-2525;

8. Captain Ken Neblette Chattanooga Police Department, Internal Affairs, 100 E. 11th Street, Suite 300, Chattanooga, TN 37402, (423) 698-2525;

9. Doug Kelley, City of Chattanooga Personnel Department, 101 E. 11th Street, Chattanooga, TN 37402, (423) 757-4859;

10. Terrell M. McDaniel, Ph.D., Institute for Forensic Psychology, 131 Sanders Ferry Road, Suite 203, Hendersonville, TN 37075, (615) 822-6878;

11. Captain Susan Blaine, Chattanooga Police Department, 3300 Amnicola Highway, Chattanooga, TN 37406, (423) 698-2525;

12. Sergeant Zach McCullough, Chattanooga Police Department, 3300 Amnicola Highway, Chattanooga, TN 37406, (423) 698-2525;

13. Sergeant Mark Smeltzer, Chattanooga Police Department, 3300 Amnicola Highway, Chattanooga, TN 37406, (423) 698-2525;

14. Sergeant David Frye, Chattanooga Police Department, 3300 Amnicola Highway, Chattanooga, TN 37406, (423) 698-2525;

15. Officer Jim Brock, Chattanooga Police Department, 3300 Amnicola Highway, Chattanooga, TN 37406, (423) 698-2525;

16. Dr. Nancy Yoanidis, 3400 Lebanon Pike, Murfreesboro, TN 37129;

17. Nadine Koski, City of Chattanooga, 101 E. 11th Street, Chattanooga, TN 37402;;

18. Susan DuBose, City of Chattanooga, 101 E. 11th Street, Chattanooga, TN 37402;

19. Records Keeper, Veteran's Administration, VAOPC, 951 Eastgate Loop Road, Chattanooga, TN 37411;

20. Any necessary rebuttal witnesses; and

21. Any witnesses listed by any other party.

6. **Damages:**

**Plaintiff:**

As a consequence of Defendant's violations of the statutory provisions cited above, Plaintiff incurred injury and damages, including but not limited to the loss of back pay and front pay and lost benefits, including but not limited to pre- and post-termination retirement and pension benefits, seniority, sick pay, and vacation time.

As a further consequence of Defendant's violations of the ADA and the Rehabilitation Act, Plaintiff has suffered humiliation and embarrassment, his private and confidential medical records have been made public, and he has suffered emotional pain, mental anguish, inconvenience and loss of enjoyment of life.

Plaintiff has incurred expense in seeking the reinstatement of his employment with Defendant including but not limited to attorneys' fees and costs of litigation.

Plaintiff is fully able to perform the essential functions of his job, and he is ready, willing and able to resume the position in employment from which he was dismissed by Defendant.

Plaintiff requests that a panel of not less than twelve (12) jurors be empaneled to hear this cause.

Plaintiff requests an award of compensatory damages including, but not limited to, back pay, front pay, and lost benefits, including but not limited to retirement and pension benefits; that he be awarded compensatory damages for humiliation and embarrassment, invasion of privacy, emotional pain and suffering, mental anguish, loss of enjoyment of life, and inconvenience all of which compensatory damages to be in an amount not to exceed One Million Five Hundred Thousand Dollars ($1,500,000.00) plus pre-judgment interest.

Plaintiff asks to be restored to his former position of employment with Defendant to include all benefits that would have accrued to him including seniority, promotions, insurance benefits, and all other such benefits of his employment.

Plaintiff requests an award of his reasonable attorneys' fees, his expenses of litigation, and all other rights and remedies provided by the ADA and the Rehabilitation Act.

7. **Special Requests to Instruct**: Pursuant to Local Rule 14.1, requests for jury instructions have been submitted or will be to the Court. There is reserved to counsel for the

respective parties the right to submit supplemental requests for instructions during the court of the trial or at the conclusion of trial upon matters that cannot be reasonably anticipated.

   8.   This case is set for trial before the United States District Judge and a jury at 9:00 a.m. on the 15th day of August, 2011. The probable length of trial is two to three days. The parties should be prepared for trial at 9:00 a.m. on the date which has been assigned. If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.

   9.   This Final Pretrial Order shall supplant the pleadings.

   ENTER.

*/s/ Curtis L. Collier*
CURTIS R. COLLIER, JUDGE, USDC

APPROVED AS TO FORM AND SUBSTANCE:

LAWRENCE & LAWRENCE, PLLC

By: */s/ Phillip C. Lawrence*
PHILLIP C. LAWRENCE - BPR #00985
Attorneys for Plaintiff
200 E. 8th Street
Chattanooga, TN 37402
(423) 756-5031

CITY OF CHATTANOOGA, TENNESSEE
OFFICE OF THE CITY ATTORNEY

By: */s/ Phillip A. Noblett*
CRYSTAL R. FREIBERG - BPR #23732
*Assistant City Attorney*
PHILLIP A. NOBLETT - BPR #10074
*Deputy City Attorney*
100 E. 11th Street, Suite 200
Chattanooga, TN 37402
(423) 643-8250